IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHS HOLDING ONE, INC. f/k/a MCCLELLAND HOME HEALTH PHARMACY, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>MHHP ACQUISITION COMPANY, LLC and OMNICARE, INC., <br><br>　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )　C.A. No. 06-292-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, MHHP Acquisition Company, LLC ("MHHP"), and Omnicare, Inc. ("Omnicare") (collectively, the "Defendants") respond as follows to the correspondingly numbered paragraphs of the Complaint of Plaintiff MHS Holding One, Inc. f/k/a McClelland Home Health Pharmacy, Inc. ("MHS"), as follows:

　　1.　　Admitted that this action purports to seek declaratory relief and damages pursuant to the terms of the February 2, 2004 Asset Purchase Agreement by and between MHHP, Omnicare and MHS (the "Agreement"), the terms of which Agreement speak for themselves and, as contained therein, are admitted; otherwise, the remaining allegations of this paragraph are denied.

　　2.　　Admitted for jurisdictional purposes only.

　　3.　　Admitted for jurisdictional purposes only.

　　4.　　Admitted for jurisdictional purposes only.

5. This paragraph contains legal conclusions to which no response is required. The Agreement speaks for itself and the terms as contained therein are admitted; otherwise, admitted for venue purposes only.

6. This paragraph contains legal conclusions to which no response is required. The Agreement speaks for itself and the terms as contained therein are admitted; otherwise, admitted for jurisdictional purposes only.

## STATEMENT OF FACTS

7. Admitted.

8. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

9. Denied.

10. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

11. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

12. Without information or knowledge at this time sufficient to form a belief as to whether MHHP did not provide the Preliminary Closing Statement to MHS within sixty (60) days after the Closing Date; otherwise, the Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent

with the terms of the Agreement, those allegations are denied. Moreover, any remaining allegations of this paragraph are denied.

13. Admitted that MHHP presented a "Draft" Final Closing Date Statement reflecting that the Actual Net Asset Value of the Business (the "Value"), as defined by the Agreement, was $3,167,789.00, which amount is $932,211 less than the $4,100,000 Value "floor" required under the Agreement. The Agreement, therefore, contractually mandates that the Purchase Price be adjusted downward by $932,211. Denied that MHS "timely notified" MHHP of the disputed calculations in the Draft Final Closing Date Statement; the above styled lawsuit was MHHP's first notice that MHS appears to take issue with the accounting set forth in the Draft Final Closing Statement. Denied that MHHP and Omnicare have indicated their intent to resolve "the disputed calculation," presumably relating to the accounting set forth in the Draft Final Closing Statement, as MHHP and Omnicare have only just learned that MHS is disputing the accounting contained therein. Admitted that MHHP and Omnicare have indicated an overall and general desire to resolve matters with MHS. Admitted that, to date, no resolution has been reached. Otherwise, the remaining allegations of this paragraph are denied.

14. Denied.

15. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

16. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

17.    Without information or knowledge at this time sufficient to form a belief as to whether MHHP did not provide its calculation of First Deferred Payment within forty-five (45) days of the Twenty Month Anniversary, as defined by the Agreement. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

18.    The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

19.    Admitted that the Minimum Service Bed Threshold had been met as of October 2, 2005. Denied that MHS is entitled to payment of $500,000 pursuant to the terms of the Agreement.

20.    Denied that the First Deferred Payment is due and owing to MHS; specifically, as a result of the downward adjustment in the Purchase Price of $932,211 contractually required under the terms of the Agreement, MHS is not owed the First Deferred Payment of $500,000, as this amount is appropriately offset by $932,211, and results in a balance of $432,211 owed by MHS to MHHP. Otherwise, any remaining allegations of this paragraph are denied.

21.    The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

22.    Without information or knowledge at this time sufficient to form a belief as to whether MHHP did not provide its calculation of Second Deferred Payment within forty-five (45) days of the Two Year Anniversary, as defined by the Agreement. Denied that MHHP failed to provide MHS with its calculation of the Second Deferred Payment based on the Minimum

Serviced Beds Threshold; to the contrary, MHHP provided a notice reflecting that an increase of three (3) Serviced Beds over the Minimum Threshold had been achieved as of the Two Year Anniversary, which increase entitled MHS to a payment of $2100 under the Agreement, which speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

23. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

24. Denied that the Second Deferred Payment is due and owing to MHS; specifically, as a result of the downward adjustment in the Purchase Price of $932,211 contractually required under the terms of the Agreement, MHS is not owed the Second Deferred Payment of $2,100, as this amount is appropriately offset by $932,211 less the $500,000 First Deferred Payment, resulting in a balance of $430,111 owed by MHS to MHHP. Otherwise, any remaining allegations of this paragraph are denied.

25. Admitted that Patrick Downing entered into an employment agreement with MHHP and Omnicare, which employment agreement speaks for itself and the terms as contained therein are admitted, and that he accepted responsibilities and performed certain duties, pursuant to his employment agreement, to manage Value Pharmacy. To the extent any allegations contained herein are inconsistent with the terms of Patrick Downing's employment agreement, those allegations are denied.

26. The Defendants are without knowledge of the facts alleged in the first sentence of this paragraph and therefore deny same. Defendants specifically deny that there was either an express or implied agreement to credit MHS with "the number of serviced beds saved at Value

Pharmacy" for the purpose of determining the Second Deferred Payment under the Agreement, which Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of Agreement or are not otherwise admitted, those allegations are denied.

### COUNT I – Declaratory Judgment – Purchase Price Adjustment

27.  Defendants reallege their responses to paragraphs 1 through 26 set forth above as though fully set forth herein.

28.  Admitted that MHS purports to contend that the Purchase Price should not be adjusted under the terms of the Agreement, which Agreement speaks for itself and the terms as contained therein are admitted; thus, to the extent that any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

29.  Admitted that the Agreement requires the Purchase Price to be adjusted downward by and in accordance with its terms. Otherwise, any remaining allegations contained in this paragraph are denied.

30.  Admitted.

31.  Denied.

### COUNT II – Breach of Contract– First Deferred Payment

32.  Defendants reallege their responses to paragraphs 1 through 26 set forth above as though fully set forth herein.

33.  Denied.

34.  Denied.

### COUNT III– Unjust Enrichment– First Deferred Payment

35. Defendants reallege their responses to paragraphs 1 through 26 set forth above as though fully set forth herein.

36. Denied.

37. Denied.

### COUNT IV – Breach of Contract– Second Deferred Payment

38. Defendants reallege their responses to paragraphs 1 through 26 set forth above as though fully set forth herein.

39. Denied.

40. Denied.

### COUNT V– Unjust Enrichment– Second Deferred Payment

41. Defendants reallege their responses to paragraphs 1 through 26 set forth above as though fully set forth herein.

42. Denied.

43. Denied.

### COUNT VI– Omnicare's Guarantee

44. Defendants reallege their responses to paragraphs 1 through 43 set forth above as though fully set forth herein.

45. The Agreement speaks for itself and the terms as contained therein are admitted. To the extent any allegations contained herein are inconsistent with the terms of the Agreement, those allegations are denied.

46. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

MHS has failed to satisfy conditions precedent to the maintenance of this action.

### Second Affirmative Defense

Pursuant to Article 2.2 of the Agreement, any dispute concerning adjustment of the Purchase Price, as defined by the Agreement, shall be submitted to a mutually acceptable "Big Four" accounting firm for resolution; accordingly, MHS's claim for damages for payment of the unadjusted Purchase Price is barred except through compliance with that provision.

### Third Affirmative Defense

Pursuant to Article 2.3 of the Agreement, any dispute concerning the calculation of the First Deferred Payment, as defined by the Agreement, shall be submitted to a mutually acceptable "Big Four" accounting firm for resolution; accordingly, MHS's claim for damages for payment of the First Deferred Payment is barred except through compliance with that provision.

### Fourth Affirmative Defense

Pursuant to Article 2.4 of the Agreement, any dispute concerning the calculation of the Second Deferred Payment, as defined by the Agreement, shall be submitted to a mutually acceptable "Big Four" accounting firm for resolution; accordingly, MHS's claim for damages for payment of the Second Deferred Payment is barred except through compliance with that provision.

### Fifth Affirmative Defense

MHHP and Omnicare are entitled to a setoff for the appropriate adjustment in Purchase Price against amounts payable on the First and Second Deferred Payments, if any.

### Sixth Affirmative Defense

MHS's claims are barred by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

MHS has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendants, MHHP Acquisition Company, LLC, and Omnicare, Inc., deny that MHS Holding One, Inc. is entitled to any of the relief requested in the Complaint. Defendants respectfully request that Counts I through VI of the Complaint be dismissed with prejudice and that Defendants be awarded costs, and such further relief as the Court deems proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Thomas C. Dearing
Bethany V. Crawley
FOWLER WHITE BOGGS
BANKER, P.A.
50 N. Laura Street, Suite 2200
Jacksonville, Florida 32202
(904) 598-3100

By: /s/ David E. Moore
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com
dmoore@potteranderson.com

Dated: June 13, 2006
736424

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 13, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Philip Trainer, Jr., Esq.
Tiffany Geyer Lydon, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899
ptrainer@ashby-geddes.com
tlydon@ashby-geddes.com

I hereby certify that on June 13, 2006, I have sent by E-mail the foregoing document to the following non-registered participants:

Dennis J. Kelly, Esq.
Paul R. Mastrocola, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
dkelly@burnslev.com
pmastrocola@burnslev.com

/s/ David E. Moore
Philip A. Rovner (#3215)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com
dmoore@potteranderson.com