IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHS HOLDING ONE, INC. f/k/a <br> MCCLELLAND HOME HEALTH PHARMACY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MHHP ACQUISITION COMPANY LLC and OMNICARE, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 06-292-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT**

Pursuant to Fed. R. Civ. P. 16, D. Del. LR 16.2, and the Court's Notice of Scheduling Conference, the parties, by and through their undersigned counsel, jointly submit this Status Report. This Status Report addresses each of the agenda items appearing in the Court's Notice of Scheduling Conference. Counsel will appear at the Scheduling Conference and be prepared to further discuss these and other matters that the Court may raise.

1. **Jurisdiction and Service:**

The parties agree that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties further agree that the Court has personal jurisdiction over each of the parties. No parties remain to be served.

2. **Substance of the Action:**

   a. **Factual and legal bases for plaintiff's claims:**

Plaintiff states that Defendants have breached the terms of an Asset Purchase Agreement among the parties dated as of February 2, 2004 (the "Agreement") by refusing to pay certain amounts owed under the Agreement. Pursuant to Article 2.1 of the Agreement, the purchase

price for the asset acquisition was $8.5 million, with an initial cash payment of $7.0 million. The Agreement provides that, in certain circumstances, the Purchaser (defendant MHHP Acquisition Company LLC) is required to pay post-closing amounts totaling respectively $500,000 and $1,000,000 to the Seller consisting of a First Deferred Payment and Second Deferred Payment. Defendants, however, have failed to make such Deferred Payments. The Agreement also provides that so long as the Actual Net Asset Value of the business was within a fixed range (the "Collar"), as determined on a post-closing basis, no Purchase Price Adjustment is necessary. Defendants have failed to provide timely information regarding the Purchase Price Adjustment and are estopped from contending otherwise. Defendant Omnicare, Inc. unconditionally guaranteed the Purchaser's liabilities and obligations in connection with the Agreement.

      b.    **Factual and legal bases for defendants' defenses:**

Defendants state that the Actual Net Asset Value of the business was $3,167,789, which amount is $932,211 less than the $4,100,000 "floor" of the Collar required under the Agreement. The Agreement, therefore, contractually mandates that the purchase price be adjusted downward by $932,211. The First Deferred Payment of $500,000 is not owed to MHS by MHHP and/or Omnicare, as this amount is appropriately offset by $932,211, and results in a balance of $432,211 owed by MHS to MHHP. The Second Deferred Payment of $2100 is not owed to MHS by MHHP and/or Omnicare; specifically as a result of the downward adjustment in the purchase price of $932,211 contractually required under the terms of the Agreement. MHS is not owed the Second Deferred Payment, as this amount is appropriately offset by $932,211 less the $500,000 First Deferred Payment, resulting in a balance of $430,111 owed by MHS to MHHP.

3.  **Identification of Issues in Dispute:**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute include the following:

    a.    The Actual Net Asset Value of the business as of February 2, 2004 in order to determine any Purchase Price Adjustment;

    b.    Calculation of the number of Serviced Beds exceeding the Minimum Service Bed Threshold of 3,300 beds as of October 2, 2005 in order to determine the amount of the First Deferred Payment;

    c.    Calculation of the number of Serviced Beds exceeding the Minimum Serviced Bed Threshold of 3,300 beds as of February 2, 2006, in order to determine the amount of the Second Deferred Payment; and

    d.    The effect, if any, of the time and effort expended by Patrick F. Downing devoted to other aspects of Defendants' business, as a matter of equity, upon the determination of the amount of the Second Deferred Payment.

4.  **Narrowing of Issues:**

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or dispositive motions.

5.  **Relief:**

    a.    Plaintiffs seek (i) a declaratory judgment that, pursuant to the Agreement and as defined in the Agreement, the Actual Net Asset of the business is within the Collar and that no adjustment to the Purchase Price is warranted; (ii) damages for breach of contract and unjust enrichment in an amount to be determined at trial, including but not limited to the amount

of $500,000 comprising the First Deferred Payment, plus consequential damages, including but not limited to the use of the money from the time the payment was due and owing; (iii) damages for breach of contract and unjust enrichment in an amount to be determined at trial, including but not limited to the amount of $1,000,000 comprising the maximum Second Deferred Payment, plus consequential damages, including but not limited to the use of the money from the time the payment was due and owing; (iv) damages in an amount to be determined at trial for defendant Omnicare, Inc.'s unconditional guarantee of the Purchaser's liabilities and obligations in connection with the Agreement; and (v) such other relief as this Court deems appropriate and just.

      **b.**    Defendants seek that Plaintiffs' Counts I through VI of the Complaint be dismissed with prejudice and that Defendants be awarded costs, and such further relief as the Court deems proper.

      **6.**    **Amendment of Pleadings:**

The parties cannot yet assess the likelihood that they will need to seek to amend the pleadings in this action, but they respectfully seek to reserve the right to file motions to amend the pleadings.

      **7.**    **Joinder of Parties:**

The parties cannot yet assess the likelihood that they will need to seek to join parties in this action, but they respectfully seek to reserve the right to file motions to join parties.

      **8.**    **Discovery:**

The parties expect that discovery will take six (6) months. The parties agree to be governed by the provisions of the Federal Rules of Civil Procedure with respect to limits on

discovery, except that they reasonably believe that they will need to depose certain witnesses for more than one seven hour day (See Fed. R. Civ. P. 30(d)(2)) and they seek to extend the deadline for initial disclosures to seven days after the initial scheduling conference. At this time, the parties do not believe that discovery can be limited in any other manner, nor do the parties believe that other less costly or time-consuming methods are available for the exchange of discovery materials.

9.  **Estimated Trial Length:**

The parties estimate that, while the extent of many issues are not yet known as no discovery has been conducted, the trial should take approximately ten (10) days. At this time, the parties do not anticipate that bifurcation of any issues would be feasible or desirable.

10. **Jury trial:**

The parties have not requested a jury.

11. **Settlement:**

The parties are currently working towards a settlement and are hopeful that the matter can be resolved expeditiously. In the event the parties are unable to complete a settlement on their own, they believe that discussing settlement before the Magistrate Judge would be appropriate.

12. **Other matters:**

The parties agree that a protective order may be necessary. The parties expect to present a stipulated protective order to the Court for its consideration.

13. Counsel for the parties have conferred about each of the above matters.

| ASHBY & GEDDES | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Tiffany Geyer Lydon* | */s/ Philip A. Rovner* |
| Philip Trainer, Jr. (I.D. #2788)<br>Tiffany Geyer Lydon (I.D. #3950)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>(302) 654-1888<br>ptrainer@ashby-giddes.com<br>tlydon@ashby-geddes.com | Philip A. Rovner (I.D. #3215)<br>David E. Moore (I.D. #3983)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, Delaware 19899<br>(302) 984-6000<br>provner@potteranderson.com<br>dmoore@potteranderson.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *Of Counsel:* | *Of Counsel:* |
| Dennis J. Kelly<br>Paul R. Mastrocola<br>BURNS & LEVINSON LLP<br>125 Summer Street<br>Boston, Massachusetts 02110<br>(617) 345-3000 | Thomas C. Dearing<br>Bethany V. Crawley<br>FOWLER WHITE BOGGS BANKER, P.A.<br>50 N. Laura St., Suite 2200<br>Jacksonville, Florida 32202<br>(904) 598-3100 |

#1866698
173067.1
C:\DOCUME~1\pgibbs\LOCALS~1\Temp\MetaSave\Joint Status Report    Omnicare.DOC